P10
Vexao
Stipx

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLEN and ALLAN HAYE, *Plaintiffs/Counter-Defendants*, | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| P.C.F. PROPERTIES IN TX, LLC *Defendant/Third-Party Plaintiff* | § § § § | 80th JUDICIAL DISTRICT |
| v. | § § | |
| ELIZABETH THOMAS, JAMES M. ANDERSEN, and JPMORGAN CHASE BANK, N.A.; | § § § § | |
| *Third-Party Defendants.* | § § | HARRIS COUNTY, TEXAS |

FILED
Marilyn Burgess
District Clerk
NOV 16 2023
Time: _____
By: _____ Harris County, Texas
Deputy

Unofficial Copy Office of Marilyn Burgess District Clerk

**ORDER DECLARING ELIZABETH THOMAS LITIGANTS VEXATIOUS LITIGANTS**

Before the Court is P.C.F. PROPERTIES IN TX, LLC'S Motion to Declare Elizabeth Thomas and Others Vexatious Litigants. P.C.F. Properties in TX, LLC's motion is GRANTED.

**FACTUAL BACKGROUND**

P.C.F. PROPERTIES IN TX, LLC requests this Court declare Elizabeth Thomas and Others vexatious litigants based upon an extensive litigation history involving the same factual dispute and factual foundation and the same property located at 8202 Terra Valley Lane, Tomball, TX 77375. To prevent future harassing and abusive litigation, P.C.F. PROPERTIES IN TX, LLC requests this court enjoin Elizabeth Thomas, Jasmine Jarbis, JaVaughn Mahomed, Monique Moore, Sarah Jarbis, Omari J. Thomas, James Allen, Robert Thomas, Allan Haye, and James Andersen from filing any additional lawsuits unless granted prior written permission from this Court or the 11Th Administrative District Court.

The following is an incomplete and inexhaustive list of cases filed in Texas justice, county,

**EXHIBIT 1**

RECORDER'S MEMORANDUM
This Instrument is of poor quality at the time of imaging.

district, and appellate courts, and the applicable federal courts by or on behalf of Elizabeth Thomas related to the Terra Valley Property:

    **I.    Litany of Cases Filed in State Courts**:

1. Cause No. 2014-54729, *Thomas v. Meritage Homes*;

2. Cause No. 2017-76078, *James Allen v. MTH Lending Group LP*;

3. Cause No. 2018-14171, *Thomas v. McCarthy & Holthus LLC*;

4. Cause No. 2020-35780, *Allen v. PCF Properties in TX LLC*.

5. Cause No. 2017-75641, *Robert Thomas v. Flagstone Lending Group*;

g. Cause No. 2018-14171, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP and Elizabeth Thomas*.

7. Cause No. 2019-08058, *Haye v. McCarthy & Holthus LLP*;

8. Cause No. 2019-30835, *Haye v. McCarthy & Holthus LLP*;

9. Cause No. 2019-31310, *Haye v. Sewart*;

10. Cause No. 2020-12212, *Haye v. McCarthy & Holthus LLP*;

11. Cause No. 2016-87941, *Perez, et al v. Miramar Lake Homeowners Association, et al*;

12. Cause No. 2017-82388; *Elizabeth Thomas, et al. v. Meritage Homes of Texas, LLC, et al*;

13. Cause No. 01-23-00331-CV, and is styled *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al;* This appeal is pending.

14. Cause No. 01-23-00226-CV (Orig. Proc.); *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal was withdrawn by the Appellants.

15. Cause No. 2023-26720; *Mahomed, et al v. P.C.F. Properties in TX, LLC*.

16.     Cause No. 2023-34044; *Jarbis, et al v. P.C.F. Properties in TX, LLC.*

17.     Cause No. 23-0571; *In re Elizabeth Thomas, James Allen, Allan Haye, and James Andersen, Relators*; in the Supreme Court of Texas. That petition has been denied.

18.     Cause No. 01-23-00678-CV; *In re Jasmine Jarbis, Relator*; this is a mandamus proceeding filed by Plaintiff which the Appellate Court dismissed on September 26, 2023;

19.     Cause No 234100308025; *THOMAS V. P.C.F. PROPERTIES IN TX, LLC*; in the Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas. Application for Writ of Reentry. Application denied.

**II.     Litany of Cases Filed in or Removed to Federal Court**:

20.     Cause No. 4:13-cv-01022; *Elizabeth Thomas, et al. v. J.P.Morgan Chase, N.A. f/k/a Chase Home Finance, LLC;*

21.     Cause No. 4:19-cv-00559; *Primary Residential Mortgage Inc., et al v. Elizabeth Thomas, et al;*

22.     Cause No. 18-23676-CGM-13 (Bankr. S.D.N.Y); *In re Elizabeth Thomas, Debtor;*

23.     Cause No. 4:22-cv-00705; *Elizabeth Thomas, et al. v. P.C.F. Properties in TX, LLC, et al;*

24.     Adversary Proceeding No. 22-3024; *Elizabeth Thomas, et al v. Thomas, et al;*

25.     Cause No. 22-cv-3666 (NSR); *James Allen, et al v. Primary Residential Mortgage, Inc.*

26.     Cause No. 19-32662 (Bankr. S.D. Tex.); *In re Allan A. Haye, Debtor;*

27.     Cause No. 10-40785 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

28.     Cause No. 14-22609 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

298.     Cause No. 15-36259 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

30.  Cause No. 17-33326 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

31.  Cause No. 18-00598 (Bankr. D.C.); *In re Elizabeth Thomas, Debtor*;

32.  Cause No. 4:19-cv-04321 (S.D. Tex.); *Haye v. JP Morgan Chase*;

33.  Cause No. 23-10378 (Bankr. Del.); *In re PCf Investments, Inc., et al*; involuntary bankruptcy petition; case dismissed.

This Court takes judicial notice of at least four (4) orders issued by separate federal district courts which require the ELIZABETH THOMAS AND THOMAS LITIGANTS to obtain prior authorization before removing any state court lawsuits to federal court. This Court takes judicial notice that the ELIZABETH THOMAS AND THOMAS LITIGANTS have defied each such order.

This list of cases does not include the volumes of pleadings in the cases Elizabeth Thomas files, most of which are lengthy, incoherent, irrelevant, and outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, or misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled. Additionally, the list of cases does not include the number of times Elizabeth Thomas changes case captions, the names of party-plaintiffs and/or defendants, misstates a party's legal position, solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties to litigation, or files motions for sanctions against parties and/or their attorneys of record.

III.  **Elizabeth Thomas filed Cases in Other People's Names:**

Elizabeth Thomas has employed a new strategy attempting to hinder, defraud the courts, and delay PCF's rights in the Terra Valley Property: Elizabeth Thomas has used the following parties to challenge this Court's judgment:

1. Jasmine Jarbis

2. JaVaughn Mahomed

3. Monique Moore

4. Sarah Jarbis

5. Omari J. Thomas

6. James Allen

7. Robert Thomas

8. Allan Haye

9. James Andersen, though an attorney, he is a judgment debtor and has represented Jasmine Jarbis, JaVaughn Mahomed, and Omari J. Thomas as attorney of record.

These parties are collectively referred to as the "THOMAS LITIGANTS".

This Court concludes that these parties are Elizabeth Thomas's proxies and that they should be declared vexatious litigants, as well.

This Court takes judicial notice of the following cases filed other parties' names challenging this Court's judgment, PCF's right, title, and interest in the Terra Valley Property, and the execution of the writ of possession:

i. **Cause No. 2023-26720**; *Jasmine Jarbis, et al v. PCF Properties in Texas, LLC*: this case is pending in the 295th District Court of Harris County, Texas. While an *ex parte* temporary restraining order was entered in Plaintiffs' favor, the district court denied Injunctive relief on June 1, 2023. P.C.F. has filed a Motion to Dismiss Baseless Claims under Rule 91a of the Texas Rules of Civil Procedure, which was set for hearing on July 14, 2023. The Plaintiffs subsequently filed a notice of non-suit of all pending claims;

ii. **Cause No. 2023-34044**; *Monique Moore, et al v. PCF Properties in Texas, LLC*: a temporary restraining order was entered on June 2, 2023, and a hearing was set for June 12, 2023, at 2:30 p.m. P.C.F. filed a Motion to Dissolve the restraining order, which was set for hearing on June 8, 2023, at 2:00 p.m., asserting that the ancillary court's temporary restraining order was entered as a result of fundamental error, that being that Monique Moore and Sarah Jarbis, the plaintiffs in that case, did not have a legal interest in the Property. The Plaintiffs filed their notice of non-suit on June 8, 2023, rendering the hearing moot.

iii. **Case No. 01-23-00678-CV**; *In re Jasmine Jarbis, Relator*; a mandamus proceeding seeking an order declaring the execution of the writ of possession illegal based on the identity of the parties, a spurious argument about bankruptcy, and the recusal of the trial judge. This proceeding was dismissed on September 26, 2023, on standing issues.

iv. **Case No. 234100308025**; *Elizabeth Thomas v. P.C.F. Properties in TX, LLC*; Thomas filed a petition for writ of reentry in the Justice of the Peace, Precinct 4, Place 1, Harris County, Texas. The Justice Court denied the relief on jurisdictional grounds.

v. **Case No. 2023-63377**; *Jasmine Jarbis, et al v. P.C.F. Properties in TX, LLC*; Plaintiffs sought, and obtained a temporary restraining enjoining PCF from renting or selling the property. An amended restraining order was entered enjoining PCF from excluding the Plaintiffs from re-entering the property. PCF filed an emergency motion to dissolve the restraining orders, which was granted on October 3, 2023. Plaintiffs filed a non-suit of the case, then sought to vacate the nonsuit, and filed a request for injunctive relief. That relief was denied and the case was transferred from the 269th District Court to the 80th District Court on October 16, 2023. Plaintiffs file their third amended petition substituting the named parties for "John Doe" and "Jane Doe" and then the originally named parties filed a notice of nonsuit of their claims on October 18, 2023; on October 19, 2023, the substituted parties filed their own notices of nonsuit. PCF filed a motion for sanctions against he named parties and their counsel for knowing, willful, and intentional violations of two orders issued in this case.

Omari Thomas has appealed the order dissolving the restraining order. That case was filed on October 23, 2023, and is pending under Case No. 01-23-00789-CV, and styled *Omari J. Thomas v. P.C.F. Properties in TX, LLC*.

vi: **Case No. 2023-72617**; *Omari J. Thomas v. P.C.F. Investments, Inc.*; this is the most recent case filed challenging this Court's judgment, the writ of possession, and PCFs title to the Terra Valley Property. Omari J. Thomas, who PCF believes is Elizabeth Thoams's 21 year old relative, was a party in Case No. 2023-63377; P.C.F. Investments, Inc., is PCF's parent company, but does not own title to the Terra Valley Property. This case was filed on October 18, 2023, and has been assigned to the 127th Judicial District Court of Harris County, Texas. As of October 25, 2023, there are no events pending and citation has not been requested or issued. However, PCF suspects that Elizabeth Thomas will seek the issuance of either a restraining order or an injunction permitting her to reenter the Terra Valley Property, much like the orders entered in Case No. 2023-63377, which were dissolved by the Court.

Two orders have been issued in this case intended to defer the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further abusive, frivolous pleadings or lawsuits challenging PCF's title to the property. The first order was entered on August 2, 2023, by the 11th Administrative District Court in connection with the second baseless motion to recuse/disqualify

the Trial Judge. The Second Order was entered by this Court on August 10, 2023. Both Orders require prior written notice to be provided to PCF and its counsel of record prior to the issuance of injunctions orders. The THOMAS LITIGANTS have defied those Orders.

## DISCUSSION

### Legal Standard

Section 11.054 of the Texas Civil Practices and Remedies Code provides,

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been:

   (A) finally determined adversely to the plaintiff;

   (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

   (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

   (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

   (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code. 11054.

Section 11.101 of the Texas Civil Practices and Remedies Code provides,

(a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant.

(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

(c) A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.

(d) A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.

(e) A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state.

Tex. Civ. Prac. & Rem. Code § 11.101.

Section 11.103 of the Texas Civil Practices and Remedies Code provides,

(a) Except as provided by Subsection (d), a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing.

Tex, Civ. Prac. & Rem. Code § 11.103.

Section 11.101(a) provides Courts with authority to issue pre-filing injunctions against vexatious litigants. The sanction of a pre-filing injunction may be appropriate with pro se litigants have a history of submitting multiple frivolous claims. Pro se litigants do not have license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets. *See, Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court has the inherent authority to impose a pre-filing sanction on vexatious litigants upon finding of such abuse. *Id.*; Tex. Civ. Prac. & Rem. Code § 11.101(a).

This case arises out of a foreclosure dispute between Elizabeth Thomas and her lender

pertaining to a mortgage secured by the Terra Valley Property. The cases listed above are in inexhaustive list of the cases file by or on behalf of Elizabeth Thomas or her proxies challenging the validity of the mortgage, the lender's rights to foreclose, the validity of the foreclosure sale, and PCF's right, title, and interest in the Terra Valley Property after PCF purchased it at a non-judicial foreclosure sale on March 3, 2020. These cases are duplicative, harassing, and burdensome to the Courts and the parties who must defend these baseless, meritless lawsuits filed against the ELIZABETH THOMAS AND THOMAS LITIGANTS.

This Court finds that the ELIZABETH THOMAS AND THOMAS LITIGANTS are vexatious litigants as defined by Chapter 11 of the Texas Civil Practices and Remedies Code.

This Court further finds that monetary sanctions alone are insufficient and/or ineffective to dissuade the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further lawsuits challenging PCF's ownership interest in the Terra Valley Property, considering that the ELIZABETH THOMAS AND THOMAS LITIGANTS already have knowingly, willfully, and intentionally defied orders of this Court and other courts of competent jurisdiction. This Court concludes that pre-filing authorization is required to deter any further vexatious litigation.

Therefore, this Court believes the appropriate sanction here is to declare the ELIZABETH THOMAS AND THOMAS LITIGANTS vexatious litigants and hereby ENJOINS the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing any civil laws in Harris County, Texas without first obtaining written permission from a judge of Harris County, Texas. It is further

ORDERED that the ELIZABETH THOMAS AND THOMAS LITIGANTS shall provide security to P.C.F. Properties in TX, LLC, in the amount of $20,000.00 to cover reasonable expenses incurred in connection with litigation commenced by the ELIZABETH THOMAS AND

THOMAS LITIGANTS, including attorney's fees and costs; if the ELIZABETH AND THOMAS LITIGANTS fail to post a $20,000.00 bond within ten (10) calendar days of the signing of this Order, this suit shall be dismissed with prejudice in its entirety, pursuant to Tex. Civ. Prac. Rem. Code. § 11.056. A copy of this Order shall be filed in Case No. **Case No. 2023-72617**, *Omari J. Thomas v. P.C.F. Investments, Inc.*

SIGNED this ___16___ day of ___November___, 2023.

_____
PRESIDING DISTRICT COURT JUDGE