Case 4:25-cv-01437   Document 11   Filed on 05/06/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| P.C.F. PROPERTIES IN TX, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-1437 |
| § | |
| PITTS JIREH, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER REMANDING CASE

Defendants have removed this case to this Court from Texas state court under the diversity jurisdiction statute, 28 U.S.C. § 1332. (Dkt. 1). The Court will *sua sponte* **REMAND** this case to the 80th Judicial District Court of Harris County, Texas, where it was assigned case number 2020-35780.

A removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]ny federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Defendants have failed to carry their burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. The plaintiff is a limited liability company. If LLCs or partnerships are parties to the litigation, the "party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership[.]" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at entities that are not limited liability entities and identifying their citizenship. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). Defendants have not adequately alleged the citizenship of the plaintiff's members.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over this lawsuit and *sua sponte* **REMANDS** this case to the 80th Judicial District Court of Harris County, Texas, where it was assigned case number 2020-35780. The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 80th Judicial District Court of Harris County, Texas.

Any pending motions are **DENIED as moot**. This civil docket is **CLOSED**.

SIGNED at Houston, Texas on May 6, 2025.

                                           _____
                                                   GEORGE C. HANKS, JR.
                                             UNITED STATES DISTRICT JUDGE